IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES** : | |
| : | |
| v. : | Case No.  DKC-18-066 |
| : | |
| **DONALD MARCELL RIVERS, JR.,** : | |
| : | |
| **Defendant** : | |

## MOTION TO SEVER COUNTS

Donald Rivers, Jr., the defendant, by and through his attorney, Katherine Tang Newberger, Office of the Federal Public Defender, respectfully moves this Honorable Court for a pretrial ruling severing counts 1 through 4 of the superseding indictment from count 5.

## INTRODUCTION

Mr. Rivers is charged in counts 1 through 4 of a five-count superseding indictment with charges relating to the armed robbery of a BB&T Bank on January 9, 2018.  More specifically, count 1 alleges conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a); count 2 alleges armed bank robbery, in violation of 18 U.S.C. § 2113(a); and count 3 alleges brandishing a firearm during the bank robbery, in violation of 18 U.S.C. § 924(c).  Mr. Rivers, Timothy Michael McLain and Ashley Nicole Collier are all named as defendants in counts 1 through 3.  Count 4 alleges that Mr. Rivers and Ms. Collier possessed a firearm and ammunition on January 9, 2018, after each had been convicted of committing a crime punishable by more than one year incarceration, in violation of 18 U.S.C. § 922(g)(1).  A motion to sever defendants has been filed separately.

The original indictment alleged only conspiracy to commit bank robbery, stemming from the events of January 9, 2018.  The grand jury returned a superseding indictment on March 6, 2018, adding counts 2 through 4.  The superseding indictment also added a fifth count, which alleges that Mr. Rivers

possessed ammunition on November 6, 2017, in violation of 18 U.S.C. § 922(g)(1). According to discovery, the Government believes that on November 6, 2017, Mr. Rivers visited a firing range and purchased ammunition at the range, presumably for target practice. The ammunition charged in count 5 (Smith & Wesson .40 caliber ammunition, Remington .223 caliber ammunition, ACP .380 caliber ammunition, and ACP .45 caliber ammunition) is of a different caliber than the ammunition charged in count 4. Count 4 alleges possession of a 9 mm semi-automatic pistol, which, according to discovery, was loaded with nine 9mm rounds. Thus, there is no allegation that the ammunition charged in count 5 was involved in the events of January 9, 2018.

## ARGUMENT

Because the events of January 9, 2018, are entirely separate from the possession of ammunition on November 6, 2017, Mr. Rivers requests severance of counts 1 through 4 of the superseding indictment from count 5. Joinder of count 5 to the rest of the charges violates Federal Rule of Criminal Procedure 8(a), thus the Court must sever count 5 from the other charges. Even if the Court finds these counts properly joined under Rule 8, the Court should exercise its discretion under Federal Rule of Criminal Procedure 14 and grant relief from the substantial prejudice that would result from joinder of the counts.

**I.      Count 5 Improperly Joined to Counts 1-4 Under Fed. R. Crim. P. 8.**

Under Rule 8(a) of the Federal Rules of Criminal Procedure, two or more offenses may be charged and tried together only if they are (1) based on the same act or transaction; (2) part of a common scheme or plan; or (3) of the same or similar character. *See United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976). Joinder under Rule 8(a) is improper when it is used to join offenses "which are discrete and dissimilar and which do not constitute parts of a common scheme or plan.'" *United States v. Mackins*, 315 F.3d 399, 412-13 (4th Cir. 2003) (quoting *United States v. Richardson*, 161 F.3d 728, 733 (D.C. Cir. 1998)).

Whether offenses are properly joined under Rule 8 must be determined based on the allegations set forth on the face of the indictment. *United States v. Diaz*, 248 F.3d 1065, 1102 (11th Cir. 2001); *see also United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990). If offenses are misjoined—that is, if they are charged in the same indictment despite the absence of one of the three situations identified in Rule 8—then severance of the counts is mandatory. *United States v. Lane*, 735 F.2d 799, 804 (5th Cir. 1984), *rev'd on other* grounds, 474 U.S. 438 (1986); *see also United States v. Kopituk*, 690 F.2d 1289, 1314 (11th Cir. 1982).

### A. Count 5 not based on the same act or transaction as counts 1-4

Counts 1 through 4 of the superseding indictment are properly joined because they are based on the same act or transaction—the robbery of the BB&T Bank on January 9, 2018. In contrast, the charges stemming from the robbery of the BB&T Bank on January 9, 2018, and the possession of ammunition on November 6, 2017, are not based on the same act or transaction. Indeed, the events occurred two months apart and, as indicated, involve different caliber ammunition. In *United States v. Holloway*, 1 F.3d 307 (5th Cir. 1993), the Fifth Circuit ruled upon a similar situation to the one in this case. In *Holloway* the Court considered the propriety of joinder of a robbery with the possession of a firearm two months after the robbery occurred. The Court ruled that joinder was improper because the Government was not arguing that the weapon found on the defendant upon his arrest was the same weapon used during the robbery. The Court noted "that on the face of the indictment there is no indication that a connection exists between his possession of the weapon and the alleged robbery conspiracy. Furthermore, there is no allegation that he planned to use the weapon in a robbery, had used the weapon in a robbery, or that the weapon was in any way connected to the charged robberies or to any robbery." *Holloway*, 1 F.3d at 310-11. Similarly, in this case, the superseding indictment does not allege a connection between Mr. Rivers' alleged possession of ammunition in November 2017 and the robbery on January 9, 2018.

### B.  Count 5 does not allege a common scheme or plan as counts 1-4

The Government cannot argue that the possession of the ammunition on November 6, 2017, is part of a common scheme or plan with the alleged armed robbery that occurred on January 9, 2018. Whether different offenses are connected or part of a common scheme or plan within the meaning of Rule 8 depends on whether "proof of one offenses 'constitutes a substantial portion of the proof of the other.'" *United States v. Buchanan*, 930 F. Supp. 657, 662 n.15 (D. Mass. 1996) (quoting *United States v. Windom*, 19 F.3d 1190, 1196 (7th Cir. 1994)).  There is no question that proof of the possession of ammunition on November 6, 2017, would not satisfy—in any way—the elements of counts 1 through 4 or vice versa.

Generally, courts have permitted joinder under this prong if the counts "grow out of related transactions."  *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996).  From the face of the indictment (and the evidence provided in discovery) it is clear that the November 6 and January 9 incidents are not "related transactions."  As previously indicated, the January 9 charges involve a 9mm semi-automatic pistol and the 9 mm ammunition within that firearm, whereas count 5 involves .40, .223, .380 and .45 caliber ammunition.

### C.  Count 5 is not of the same or similar character as counts 1-4

The events of November 6, 2017, are not of the same or similar character as the events of January 9, 2018.  In determining whether offenses are properly joined, courts have cautioned against a broad reading of the "same or similar character" test.  As one court has explained, "[t]he same or similar character provision of Rule 8(a)—if it is to having any meaning—must be narrowly applied to situations where permitting joinder will not lead to the sort of prejudice addressed in Rule 404(b) of the Federal Rules of Evidence."  *Buchanan*, 930 F. Supp. at 665.

Although counts 4 and 5 both charge violations of 18 U.S.C. § 922(g)(1), count 4 charges the possession of a loaded firearm on January 9, 2018, and count 5 involves the possession of ammunition

on November 6, 2017. The January 9 possession was in the course of an armed robbery; the November 6 possession involved the purchase of ammunition at a firing range using Mr. Rivers' account. The possession of a firearm in the course of an armed robbery and the purchase of ammunition while at a firing range are not of the same or similar character. Simply because both of the events involve the same statutory violation does not justify joinder.

Indeed, the Fourth Circuit has found joinder inappropriate under similar circumstances to those presented by this case. In *United States v. Hawkins,* 776 F.3d 200 (4th Cir. 2015), the defendant was charged with allegedly brandishing a firearm during a carjacking on November 22, 2006. On December 9, 2006, the defendant was arrested in a separate investigation at a convenience store and a firearm was found on his person, different from the one used in the carjacking. The Court found that joinder could not be sustained for counts of carjacking and felon in possession of a firearm simply because both events involved the defendant and firearms. Specifically, the Court noted that "while the offenses all involved firearms, albeit different firearms, nothing ties them together except the defendant. There are no additional factors which indicate the offenses were 'identical or strikingly similar.'" *Hawkins*, 776 F.3d at 208-09. The reasoning of the Fourth Circuit applies with equal force in this case. Accordingly, the Court must sever count 5 from the other counts.

**II.     Even If Counts Are Not Misjoined, the Court Should Sever Count 5 from Counts 1-4 Pursuant to Rule 14 To Prevent Undue Prejudice.**

Even if this Court were to determine that Rule 8 does not bar the joinder of count 5 to counts 1 through 4, it nonetheless should sever count 5 from the other charges pursuant to Rule 14 of the Federal Rules of Criminal Procedure, which states in relevant part:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts . . . or provide whatever other relief justice requires.

A motion for severance pursuant to Rule 14 should be granted if a defendant demonstrates that "substantial prejudice would likely result from a joint trial." *Buchanan*, 930 F. Supp. at 667.

The Fourth Circuit has identified three sources of potential prejudice that justify the granting of severance under Rule 14:

> (1) the jury may confuse and cumulate the evidence, and convict the defendant of one or both crimes when it would not convict him of either if it could keep the evidence properly segregated; (2) the defendant may be confounded in presenting defenses as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other; or (3) the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition.

*United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976) (footnotes omitted). In *United States v. Foutz*, the defendant was charged with two bank robberies in the same indictment. In the first bank robbery, the defendant allegedly robbed a bank alone with a handgun. Three months later, Foutz allegedly robbed the same bank a second time with two accomplices. The Court held that the trial court abused its discretion by failing to grant a severance, finding significant risk of prejudice from the jury hearing "about evidence of one crime while considering the defendant's guilt or innocence of another." *Foutz*, 540 F.2d at 735-36.

Similarly, in *United States v. Terry*, 911 F.2d 272 (9th Cir. 1990), the Ninth Circuit found the district court had abused its discretion in failing to sever a felon in possession of a firearm count from two drug counts. In *Terry,* police stopped and arrested the defendant 40 miles from his home and found methamphetamine in his vehicle. Thirteen days after the arrest, police officers executed a search warrant on the defendant's home, where they found a shotgun. The Court held that the trial court abused its discretion in failing to grant a severance because joinder resulted in actual prejudice from the "inculpatory characterization of [the defendant] as a drug dealer." *Terry*, 911 F.2d at 274-277.

As was feared in *Foutz* and *Terry*, in this case the jury may convict Mr. Rivers of count 5 based on the "inculpatory characterization" from the evidence presented on counts 1 through 4 regarding

the armed robbery. Similarly, the jury may convict Mr. Rivers on counts 3 and 4 because of the "inculpatory characterization" of him possessing ammunition two months prior to the events alleged in counts 3 and 4. Allowing the Government to present evidence regarding the possession of ammunition on November 6, 2017, as well as the evidence of the events of January 9, 2018, may cause the jury to cumulate evidence across the dates and convict based on such accumulation, whereas if the evidence were properly segregated, the jury would not convict one or the other. In this case, joinder of the unrelated charges "create[s] the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense." *United States v. Caldwell*, 433 F.3d 378, 385 (4th Cir. 2005).

Further, Mr. Rivers may wish to testify as to an alibi or other matter as to one event but not the other. If so, Mr. Rivers will be confounded in his ability to defend himself and will be deprived of his ability to assert his privilege against self-incrimination as to one event but not the other. Finally, the Government's proof as to one course of conduct may be stronger than the evidence as to the other. Granting separate trials would ensure that a conviction as to the one course of events does not lead to conviction for the other solely due to the jury's improper inference of Mr. River's criminal disposition.

As a final matter, the expediency of joining count 5 to counts 1 through 4 is minimal, as the evidence that would be presented as to count 5 would overlap minimally with the evidence presented as to counts 1 through 4. The only overlap would be a stipulation to a prior conviction and testimony about the seizure of an ID card in Mr. Rivers' name to the gun range at issue in count 5 from the vehicle stopped briefly after the events that give rise to counts 1 through 4 of the superseding indictment.

In a situation such as this one, the effect of joining these counts would have little efficiency for the Court while providing a significant possibility that the jury will consider evidence that would

not be admissible if the counts were severed. Courts have repeatedly held that, "an important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence." *Bruton v. United States*, 391 U.S. 123, 131 n.6 (1968). Accordingly, this Court should sever count 5 from the other counts.

## CONCLUSION

**WHEREFORE**, for the reasons stated above and for any others that may arise in later briefing or at a hearing, the Court should grant Mr. Rivers' motion to sever count 5 from counts 1 through 4.

                                      Respectfully submitted,

                                      JAMES WYDA
                                      Federal Public Defender

                                               /s/
                                      KATHERINE TANG NEWBERGER (#27803)
                                      Senior Litigation Counsel
                                      100 South Charles Street
                                      Tower II, 9th Floor
                                      Baltimore, Maryland  21201
                                      Phone: (410) 962-3962
                                      Fax:  (410) 962-0872
                                      Email:  katherine_newberger@fd.org

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, the Defendant requests a hearing on this motion.

                    /s/
KATHERINE TANG NEWBERGER (#27803)
Senior Litigation Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2018, a copy of the foregoing was served via CM/ECF to parties in this matter.

                    /s/
KATHERINE TANG NEWBERGER
Senior Litigation Counsel