


**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Christine Duey*<br>*Assistant United States Attorney*<br>*Christine.Duey2@usdoj.gov* | *Suite 400*<br>*36 S. Charles Street*<br>*Baltimore, MD 21201-3119* | *DIRECT: 410-209-4855*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-3091* |

July 3, 2018

Katherine Tang Newberger
Assistant Federal Public Defender
Office of the Federal Public Defender for the District of Maryland
100 S. Charles Street, Tower II, 9th Floor
Baltimore, Maryland 21201

_____ FILED      _____ ENTERED
_____ LOGGED   _____ RECEIVED

JUL **1 6** 2018

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____   DEPUTY

    Re:   *United States v. Donald Marcel Rivers Jr.*
           Criminal No. DKC 18-0066

Dear Ms. Newberger:

This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Donald Marcel Rivers Jr. (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by July 16, 2018, it will be deemed withdrawn. The terms of the Agreement are as follows:

## Offenses of Conviction

1.     The Defendant agrees to plead guilty to Counts Two and Three of the Indictment now *Superseding* pending against him which charges him respectively with **Armed Bank Robbery**, in violation of 18 U.S.C. §§ 2113(a), (d) & (f); and **Brandishing a Firearm During a Crime of Violence**, in violation of 18 U.S.C. § 924(c) and § 2. The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

## Elements of the Offenses

2.     The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

    a.     **Count Two** (Armed Bank Robbery):

        (i)     The defendant took money that was in the care, custody or possession of BB&T Bank from employees of the bank, while the employees were present; and

        (ii)     The defendant used force and violence or intimidation; and

(iii)    The defendant intentionally put the life of the employees in jeopardy by the use of a dangerous weapon while taking the money; and

(iv)    The deposits of BB&T Bank were then insured by the Federal Deposit Insurance Corporation.

b.    **Count Three** (Brandishing of a Firearm During a Crime of Violence)

(i)    The defendant committed the elements of a crime of violence (Armed Bank Robbery, as charged in Count Two) prosecutable in federal court; and

(ii)    The defendant knowingly used, carried and brandished a firearm; and

(iii)    The use or carrying of the firearm was during and in relation to, the defendant's crime of violence.

### Penalties

3.    The maximum penalties provided by statute for the offenses to which the Defendant is pleading guilty are as follows:

| COUNT | STATUTE | MAND. MIN. IMPRISON-MENT | MAX IMPRISON-MENT | MAX SUPERVISED RELEASE | MAX FINE | SPECIAL ASSESS-MENT |
|-------|---------|--------------------------|-------------------|------------------------|----------|---------------------|
| 2 | 18 U.S.C. § 2113 (a)(d) & (f) | none | 25 years | 5 years | $ 250,000 | $ 100 |
| 3 | 18 U.S.C. § 924(c) | 7 years | Life | 5 years | $ 250,000 | $ 100 |

a.    Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

b.    Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment up to the entire original term of supervised release if permitted by statute, followed by an additional term of supervised release.

c.    Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

d.    Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

e.      Forfeiture:  The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

f.      Collection of Debts:  If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt.  If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law.  Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control.  Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns.  The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

## Waiver of Rights

4.      The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.      If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel.  That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.  Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.  All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.  The Defendant would have the right to confront and cross-examine the government's witnesses.  The Defendant would not have to present any defense witnesses or evidence whatsoever.  If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify.  If the

Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e.      If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges.  By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence.  By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case.  Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

g.      If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization.  The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status.  Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status.  The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty.  The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998.  The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

4

### Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a.      Pursuant to U.S.S.G. § 1B1.2(c), this agreement contains a stipulation that specifically establishes the commission of an additional offense (felon in possession of a firearm and ammunition) and accordingly, shall be treated as if the defendant had been convicted of that offense.  The armed bank robbery charged in Count Two and the relevant conduct occurred on separate dates and involved different firearms.  Accordingly, separate guidelines for each offense are calculated below pursuant to the Multiple Count Rules contained in Chapter 3.

b.      **Count Two – Armed Bank Robbery on January 9, 2018 (Group One)**

(i)      **Base Offense Level**: The base offense level is **20**, pursuant to U.S.S.G. § 2B3.1(a).

(ii)     **Financial Institution**:  Pursuant to U.S.S.G. § 2B3.1(b)(1), there is a **two (2) level increase** because property of a financial institution was taken.

(iii)    **Leader and Organizer**:  It is the government's position that, pursuant to U.S.S.G. § 3B1.1(c), there is a **two (2) level increase** because the defendant was an organizer, leader, manager, supervisor of any criminal activity.  It is the defendant's position that this subsection does not apply.

(iv)     **Obstruction**:  It is the government's position that, pursuant to U.S.S.G. § 3C1.1, there is a **two (2) level increase** because the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation and prosecution of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct; or a closely related offense.  It is the defendant's position that this subsection does not apply.

(v)      **Subtotal for Group One:** Thus, the offense level applicable to the Defendant's conduct charged in Count Two of the Indictment is **26** (Government's position) and **22** (defendant's position).

c.      **Relevant Conduct – Felon in Possession on November 6, 2017 (Group Two)**

(i)      **Base Offense Level**:  It is the Government's position that, pursuant to U.S.S.G. § 2K2.1(a)(2), the base offense level is **24** because the Defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.  It is the Defendant's position that the Defendant only had one prior qualifying felony conviction and the base offense level is **20**, pursuant to U.S.S.G. § 2K2.1(a)(3).

(ii)     **Subtotal for Group Two**:  **24** (Government's Position); **20** (Defendant's position).

d.     **Multiple Counts / Grouping**:

(i)     It is the Government's position that, pursuant to § 3D1.4, Group One (bank robbery) counts as **one unit** and Group Two (felon in possession) counts as an additional **one unit**, because pursuant to § 3D1.4(a), Group Two is 1 to 4 levels less serious than Group One).

(ii)     Accordingly, it is the Government's position that since the number of units is **two**, there is a **2 (two) level adjustment** to offense level 26 (Group One), and as such, the adjusted offense level is **28**.

(iii)     It is the Defendant's position, pursuant to § 3D1.4, Group One (bank robbery) counts as **one unit** and Group Two (felon in possession) counts as an additional **½ unit** because pursuant to § 3D1.4(b), Group Two is 5 to 8 levels less serious than Group One.

(iv)     Accordingly, it is the Defendant's position that since the number of units is **1½**, there is a **1 (one) level adjustment** to offense level 22 (Group One), and the adjusted offense level is **23**.

e.     This Office does not oppose a two-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's acceptance of personal responsibility for the Defendant's conduct. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

f.     Accordingly, the final adjusted offense level is either **25** (Government's Position) or **20** (Defendant's position).

g.     A minimum sentence of **seven (7) years'** incarceration is required to run consecutively to any sentence for Armed Bank Robbery, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii); 924(c)(1)(D)(ii) and U.S.S.G. § 2K2.4(b).

6.     There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a

6

part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.   The Government will contend that the Defendant is a career offender pursuant to U.S.S.G. § 41B1.1 and the Defendant contends that the Defendant is not a career offender.   Alternatively, both parties reserve the right to argue pursuant to U.S.S.G. § 4A1.3 that a departure is warranted based on inadequacy of criminal history category.

7.      Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

### Obligations of the United States Attorney's Office

8.      At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a).  This Office reserves the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office deems relevant to sentencing, including the conduct that is the subject of any counts of the Indictment.  At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

9.      The Defendant understands that this agreement does not resolve or address in any way any other possible offenses involving crimes of violence, narcotics offenses, weapons offenses, conspiracy offenses, sex trafficking offenses or tax crimes that may arise from the facts stipulated by the Defendant and this Office, attached hereto and incorporated herein, that form the basis of this plea agreement.

10.     The defendant understands that he is the target of a homicide investigation.  The parties agree that no evidence relating to that homicide will be introduced at the defendant's sentencing in this case due to the pending nature of the investigation, the fact that he has not been charged with that crime, and that no discovery has or will be provided by the government at this time.

11.     The government reserves the right to present information regarding the defendant's alleged involvement in other crimes to include narcotics trafficking, firearms offenses, obstruction of justice, and other violent acts.  To this end, the government reserves the right to present as evidence the contents of a cellular telephone seized from the defendant on August 29, 2017.  The defendant moved to suppress the search in a pretrial motion but understands that, since that motion pertains to a sentencing issue, he is withdrawing that motion as part of this plea agreement, and will inform the Court in writing, as such.  The defendant reserves his right to make the same or similar challenge to the use of the cell phone at the sentencing phase of this matter.

### Waiver of Appeal

12.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statutes to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statutes;

b.      The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

(i)      The Defendant reserves the right to appeal any sentence that exceeds the statutory maximum; and

(ii)     This Office reserves the right to appeal any sentence below a statutory minimum; and

(iii)    The Defendant reserves the right to appeal the sentence of imprisonment if the total term of imprisonment exceeds 147 months.

c.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

**Obstruction or Other Violations of Law**

13.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea, or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

14.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

15.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

        If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

                                        Very truly yours,

                                        Robert K. Hur
                                        United States Attorney

By: _____
                                        Christine Duey
                                        Sandra Wilkinson
                                        Assistant United States Attorneys

9

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

7-12-18
Date

Donald Marcel Rivers Jr.
Defendant

I am Donald Marcel Rivers Jr.'s attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

7/12/18
Date

Katherine Newberger
Attorney for the Defendant