IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA   :

       v.   :   Criminal No. DKC 18-0066-001

DONALD MARCELL RIVERS, JR.   :

**MEMORANDUM OPINION AND ORDER**

Mr. Rivers filed correspondence with the court requesting a transfer to home confinement under the Cares Act for the duration of his sentence due to his apprehension that he may contract the COVID-19 virus. (ECF No. 138). Mr. Rivers' correspondence, construed as a motion for compassionate release, will be denied for the following reasons.

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. See *id.* § 3582(c)(1)(A). Under the First Step Act of 2018, the compassionate release provision was modified to allow prisoners also to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:

>    (1) in any case that—
>
>    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>    (i) extraordinary and compelling reasons warrant such a reduction;
>
>    \*   \*   \*
>
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Mr. Rivers is confined at Allenwood USP. He does not indicate that he suffers with any underlying health issues. As of August 25, 2020, the Bureau of Prisons website reports that there are no inmates that have tested positive for COVID-19 at Allenwood USP. COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited August 25, 2020). Mr. Rivers is serving a 168 month sentence imposed on November 19, 2018, on his convictions for armed bank robbery and brandishing a firearm during a crime of violence. His current release date is January 13, 2030.

While all share the concern over the public health challenges caused by COVID-19, and appreciate the heightened anxiety experienced by those incarcerated in correctional facilities, the

generalized and unspecific reasons stated by Mr. Rivers do not satisfy the standard for compassionate release. *See, e.g., United States v. Hood*, 2020 WL 2091070 (W.D.N.C. April 30, 2020) ("Without a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility, . . . Defendant has not shown that 'extraordinary and compelling reasons' warrant his release.") As pointed out by Judge Bell, the BOP has instituted enhanced health and safety regulations to combat the spread of the disease. See also, *United States v. Humphries*, 2020 WL 2331247 (W.D.N.C. May 11, 2020) ("[T]he mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify his release. As the Court of Appeals for the Third Circuit recently noted, 'the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.' *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)."

Accordingly, the Mr. Rivers' correspondence, construed as a motion for compassionate release (ECF No. 138) BE, and the same hereby IS, DENIED.

August 25, 2020                               /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge