```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. DKC 16-88-1 |
|   : | Civil Action No. DKC 22-1427 |
| DONALD MARCELL RIVERS, JR. : | |
| : | |

**MEMORANDUM OPINION**

Donald Marcell Rivers, Jr. filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("§ 2255 motion") (ECF No. 157) and a motion to amend/supplement (ECF No. 162). For the following reasons, his motion to amend/supplement will be granted and his § 2255 motion will be denied.

**I.  Background**

Donald Marcel Rivers, Jr. pleaded guilty on July 12, 2018, to armed bank robbery in violation of 18 U.S.C. §§ 2113(a), (d), and (f) (count 2 of the Superseding Indictment) and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (count 3 of the Superseding Indictment).  The following facts are set forth in Mr. Rivers' plea agreement:

> On January 9, 2018, at approximately 10:48 a.m., Rivers, Ashley Nicole Collier ("Collier") and Collier's brother, Timothy Michael Mclain ("Mclain") robbed the BB&T Bank, located at 1326 Salem Avenue, Hagerstown, in Washington County, Maryland. Rivers arrived at the bank in a grey colored

> Jeep Grand Cherokee with his two accomplices. Mclain and Rivers entered the bank . . .
>
> According to bank surveillance video and witness testimony, Rivers was wearing a black hooded sweatshirt, a black mask, dark pants, dark shoes with shiny material on the side, light colored gloves and was holding a firearm in his right hand. Mclain was wearing a black hooded sweatshirt with a white drawstring, a black jacket with shiny materials on the arms, a black hat, a black mask, dark pants, red shoes with a white Nike logo, black gloves and was holding a black duffle bag in his hands. As the two men walked into the bank lobby, Rivers immediately raised his right hand and began pointing the firearm at people inside the bank. Both men yelled and demanded "hundreds and fifties" from the tellers. Mclain held the duffle bag for the cash, while Rivers approached several bank employees and pointed the firearm at them and also at a bank customer while yelling at him to get down. The customer held his hands up and complied by getting down on the floor.

(ECF No. 57-1).

Mr. Rivers was sentenced on November 19, 2018, to 168 months, consisting of 84 months on count two, and a consecutive term of 84 months on count three. (ECF No. 101). He did not appeal.

On June 3, 2022, Mr. Rivers signed and mailed a motion to vacate, which was received and docketed on June 13, 2022. (ECF No. 157). The Government filed a response in opposition on September 7, 2022. (ECF No. 160). On May 30, 2023, Mr. Rivers filed a motion to amend/supplement asserting that "brandishing a

2

firearm does not meet the elements/force clause of 924(c)." (ECF No. 162). He also stated that the government failed to respond to his initial § 2255 motion. Because it was apparent that Mr. Rivers had not received the government's response filed on September 7, 2022, the court issued an Order directing the government to remail its response to Mr. Rivers and to file an amended certificate of service. (ECF No. 163). The Order also provided Mr. Rivers an opportunity to file a reply. The government filed an amended certificate of service on June 6, 2023 (ECF No. 164) and Mr. Rivers filed a reply on July 10, 2023. (ECF No. 165). The undersigned also received a letter from Mr. Rivers on November 26, 2024, expressing remorse, and another letter on May 1, 2025, challenging the calculation of his sentence. (ECF Nos. 173, 174).[1]

I.  **Standard of Review**

To be eligible for relief under 28 U.S.C. § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

---

[1] Mr. Rivers is being advised by separate letter to file any challenge to the calculation of his sentence in the district court where he is confined.

authorized by law." 28 U.S.C. § 2255(a). A *pro se* movant is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978). But if the 28 U.S.C. § 2255 motion, along with the files and records of the case, conclusively show that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b).

**II.  Analysis**

Mr. Rivers seeks vacatur of his conviction under 18 U.S.C. § 924(c), use of a firearm during and in relation to a crime of violence. He asserts that his bank robbery offense does not fit within the elements prong of § 924(c), in light of *Borden v. United States*, 141 S.Ct. 1817 (2021). He seems to argue, based in part on the erroneous assumption that the predicate offense was conspiracy to commit bank robbery, that, after *Borden*, which dealt with the mens rea of recklessness, the predicate in his case fails to qualify as a crime of violence.

In his motion to amend, Mr. Rivers cites *United States v. Taylor*, 142 S.Ct. 2015 (2022), for the proposition that "without evidence of words uttered directly threatening another person or property, simple reckless behavior of brandishing a firearm does

4

not meet the elements/force clause of 924(c)." That is not quite precise. In *Taylor*, the Court found that "threatened use of force" required a communicated threat of force, and not just an abstract potential. The statute in 1985 included "or attempts to do so" making an attempt to threaten another person with physical force or otherwise sufficient. Upon entry into the bank, Mr. Rivers pointed the firearm at people, demanded "hundreds and fifties," and yelled at a bank customer to get down.

Mr. Rivers' arguments have no merit. First, the predicate for his § 924(c) offense was armed bank robbery, and not conspiracy. Moreover, the Fourth Circuit has found that both bank robbery and armed bank robbery are "crimes of violence" under the elements clause of § 924(c)(3)(A), and that those crimes require more than a mens rea of recklessness. *See United States v. McNeal*, 818 F.3d 141, 152-57 (4th Cir. 2016). Many courts continue to rely on *McNeal* to reject similar arguments, *see, e.g., Green v. United States*, No. CR RDB-15-00526, 2019 WL 4879209, at *4 (D.Md. October 3, 2019). One court recently noted that:

> The Fourth Circuit has held that federal bank robbery by intimidation qualifies as a crime of violence under the force clause of § 924(c)(3) because "the government must prove not only that the accused knowingly took property, but also that he knew that his actions were objectively intimidating."

5

> *McNeal*, 818 F.3d at 155. In *McNeal*, the defendant argued that bank robbery could be committed by recklessly engaging in intimidation. 818 F.3d at 155. The court rejected the contention. The Fourth Circuit agreed that bank robbery did not require a specific intent to intimidate. The relevant inquiry, however, was "whether bank robbery requires general intent (i.e., knowledge) with respect to intimidation." *Id*. (emphasis added). The court found that bank robbery required that level of intent, noting: "the Supreme Court ruled in *Carter v. United States* that bank robbery ... requires 'proof of general intent—that is, that the defendant possessed knowledge with respect to the actus reus of the crime (here, the taking of property of another by force and violence or intimidation).'" *Id*. (quoting *United States v. Carter*, 530 U.S. 255, 268 (2000)). "Put differently, the prosecution must show that the defendant knew 'the facts that mad[e] his conduct fit the definition of the offense.'" *Id*. (quoting *United States v. Elonis*, 575 U.S. 723, 735 (2015)). The court concluded: "Thus, to secure a conviction of bank robbery 'by intimidation,' the government must prove not only that the accused knowingly took property, but also that he knew that his actions were objectively intimidating." *Id*. (emphasis added). As a result, the Fourth Circuit found that this mens rea met the requirement of *Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006), that a crime of violence must be committed by a mens rea greater than recklessness. *Id*. at 155-56.

*Vaughan v. United States*, No. CR 2:94-511-RMG, 2021 WL 4993537, at *4 (D.S.C. Oct. 27, 2021), appeal dismissed, No. 21-7594, 2022 WL 1554986 (4th Cir. Jan. 31, 2022).

### III. Conclusion

Inasmuch as Mr. Rivers was convicted of the use of a firearm during and in relation to armed bank robbery as the underlying crime of violence, there is no defect in his conviction, the motion to vacate fails, and will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid

7

claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).  Upon review of the record, the court finds that Petitioner does not satisfy the above standard.  Accordingly, the court will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner.  A separate order will follow.

September 29, 2025                             /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge

8